IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MGIS PROPERTY & CASUALTY INSURANCE SERVICES, INC. | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 15-1650 |
| v. | ) ) | Judge Cathy Bissoon |
| DOCTORS FIRST, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motion for Judgment on the Pleadings (**Doc. 5**) is **DENIED**; Plaintiff's Motion for leave to amend the Complaint (**Doc. 19**) is **DENIED WITHOUT PREJUDICE**; and Plaintiff's Motion for leave to file a reply in support of amendment (**Doc. 22**) is **DENIED AS MOOT**.

Defendant's Motion presents issues that cannot properly be decided based on the pleadings alone. Defendant's arguments presuppose that Mr. Bortz's transmission of an "Earnout Statement," on June 29, 2015, fully and unquestionably satisfied Defendant's contractual obligations under Section 3.2(a) of the parties' agreement. This presupposition implicates a number of possible factual issues, including whether Defendant's earnout statement satisfied the "<u>good faith</u> calculations" requirement in Section 3.2(a), *see* Doc. 1-2 at pg. 16 of 49 (emphasis added); and whether ambiguit(ies) exist regarding the scope of Defendant's obligations under that Section. *See* <u>DMP Ltd. P'ship v. Caribou Coffee Co., Inc.</u>, 2009 WL 2750257, *2 (W.D. Pa. Aug. 26, 2009) ("[a] contract is ambiguous if it is reasonably susceptible [to] different constructions and capable of being understood in more than one sense"; "a latent

ambiguity arises from extraneous or collateral facts which make the meaning of [the] written agreement uncertain although the language thereof, on its face, appears clear and unambiguous"; and, "[w]hether patent or latent, ambiguous [contract provisions] are interpreted by the finder of fact") (citations to quoted sources omitted); *see also* In re Liberty Logistics, LLC, 2005 WL 6506460, *4 (E.D. Pa. Bankr. Jan. 5, 2005) ("[t]he presence of an integration clause will not preclude the court from examining extrinsic evidence -- including parol evidence -- to interpret an ambiguous contract") (citation omitted).

Furthermore, Defendant's continuing discussions with Plaintiff, both before and after the supposed expiration of Plaintiff's objections-period, undermines Defendant's claimed entitlement to judgment on the pleadings. *Compare* Def.'s Br. (Doc. 6) at 1, 7 (arguing that, under agreement, Plaintiff was required to provide written notice of objections within ten days of receiving the earnout statement on June 29th, or by July 9th) *with, e.g.*, email communications dated April 1st & 2nd, June 2nd, and Sept.1st, 8th & 30th (filed under Doc. 16-2 at pgs. 9-10, 12-13, 18-20 & 22-23) (revealing ongoing dialogue regarding now-disputed issues, including request by Defendant's vice-president "for a conference call" in September 2015 "to explain/clarify the information" provided by Defendant); *see also generally* U.S. ex rel. Greenmoor, Inc. v. Travelers Cas. & Sur. Co. of Amer., 2009 WL 4730233, *45 (W.D. Pa. Dec. 4, 2009) ("[r]egardless of whether parol evidence may be introduced to clarify an ambiguity, [c]ourts may consider the subsequent actions of the contracting parties to ascertain the parties' intentions and resolve any ambiguities") (citation to quoted source omitted).[1]

---

[1] Notably, Mr. Bortz's transmittal email, dated June 29, 2015, closed by explaining that he would be out of town until Tuesday, July 7th, only <u>two days</u> before Plaintiff's written objections purportedly were due, and he wrote: "Feel free to call me after the 7th to discuss." *See* Doc. 16-2 at pg. 15 of 23. Absent Machiavellian intent, which the Court declines to impute, Mr. Bortz's statements appear inconsistent with a clear understanding between the parties that Plaintiff's

While the potential factual issues above are by no means an exhaustive list, they demonstrate the impropriety of attempting to force a resolution at this stage in the proceedings. In addition, because Plaintiff need not amend its pleadings to survive Defendant's Rule 12 challenge, its request for leave to amend is denied. The denial is made without prejudice, and Plaintiff may, if and as necessary, renew its request within the time-frame identified in the Court's initial scheduling order, which will be entered in conjunction with the initial scheduling conference. Finally, the rulings above render moot Plaintiff's request to file a reply brief in support of amendment.

      IT IS SO ORDERED.

April 27, 2016                                                                             s\Cathy Bissoon
                                                                                   Cathy Bissoon
                                                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

legal interests would fatally expire on July 9th, absent formal, written objection. Whether viewed through the prism of contractual ambiguity, the "subsequent acts" doctrine or otherwise, this issue further evinces the impropriety of attempting to resolve this matter at the pleadings-stage.